Barry Milgrom, CSBN 99961
Nhung Le, CSBN 209552
LUCE, FORWARD,
HAMILTON & SCRIPPS LLP
Rincon Center II,
121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.3896
bmilgrom@luce.com
nle@luce.com

Counsel for MOHAMED POONJA,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re | Case No. 09-55630 |
|---|---|
| MARK STEPHEN LOEFFLER, | Chapter 7<br>Hon. ROGER L. EFREMSKY |
| Debtor. | **APPLICATION FOR RULE 2004 EXAMINATION OF DEBTOR** |

Mohamed Poonja, Chapter 7 Trustee of the estate of Mark Stephen Loeffler, hereby moves the Court, pursuant to Bankruptcy Rule 2004, for an Order requiring debtor Mark Stephen Loeffler to appear for examination at the offices of Luce, Forward, Hamilton & Scripps, LLP, 121 Spear Street, Suite 200, San Francisco, California on **Monday, October 26, 2009** at **1:00 p.m.** or at such other date and time as may be required by the Trustee (on at least 10-days notice), and to produce to the Trustee's counsel, at the address stated above, the documents specified in **Exhibit A** at least five business days before the date of the examination.

As grounds for the Application, the Trustee alleges that Mr. Loeffler has information which may relate to acts, conduct or property, to his liabilities and financial condition or his discharge and to other matters which may affect the administration of this bankruptcy estate.

/ / /

/ / /

1     WHEREFORE, the Trustee respectfully prays that an Order be entered directing Mark Stephen Loeffler to appear at the time and place stated above and further directing him to produce the documents specified in **Exhibit A** at least five business days before the examination.

DATED: October 1, 2009     LUCE, FORWARD, HAMILTON & SCRIPPS LLP
By:

/s/Nhung Le, Esq., CSBN 209552
NHUNG LE
Attorneys for MOHAMED POONJA,
Trustee in Bankruptcy

301152259.1      2

# EXHIBIT A

## DEFINITIONS

1. DOCUMENTS and/or DOCUMENTATION refers to all written or graphic matter, however produced or reproduced, whether or not privileged, of every kind and description, in your actual or constructive possession, custody, care or control, which includes the possession, custody, care or control of your attorneys, including, but not limited to, originals (or copies where originals are unavailable) of final version or drafts of correspondence, financial statements, balance sheets, profit and loss statements, ledgers, journals, tax returns, drawings, maps, books, accounts, letters, photographs, microfilm, telegrams, notes, tapes, transcripts of any type of personal or telephone conversations or meetings or conferences, minutes of directors' or committee meetings, memoranda, inter-office communications, reports, studies, forecasts, projects, analyses, contracts, licenses, agreements, books of account, vouchers, bank checks, invoices, charge slips, receipts, working papers, drafts, statistical records, cost sheets, abstracts of bids, stenographers' notebooks, calendars, appointment books, diaries, time sheets or logs, job or transaction files, computer printouts, or materials similar to the foregoing, however denominated and any sound video or other non-graphic recording of information, event(s), transaction(s) or impression(s) whatsoever.

2. DEBTOR means Mark Stephen Loeffler.

3. YOU and YOUR means and refers to the DEBTOR.

4. PETITION DATE means and refers to the date the DEBTOR filed its voluntary petition under Chapter 7 of the Bankruptcy Code, i.e., July 13, 2009.

5. INSURANCE AGENCY means and refers to Loeffler Insurance Agency or Loeffler Insurance Services.

## DOCUMENTS TO BE PRODUCED

1. Any and all DOCUMENTS which relate to, refer to or evidence any and all transfers of property, real or personal, owned by the DEBTOR to any third party at any time during the period one-year prior to the PETITION DATE.

2. Any and all DOCUMENTS which relate to, refer to or evidence the formation of the INSURANCE AGENCY.

3. Any and all tax returns, state and federal, for the DEBTOR for the years 2007, 2008 and 2009.

4. Any and all tax returns, state and federal, for the INSURANCE AGENCY for the years 2007, 2008 and 2009.

5. Any and all financial statements, including balance sheets and profit loss statements, for the INSURANCE AGENCY for the years 2007, 2008 and 2009.

6. Any and all agency contracts, brokerage contracts or other agreements between the DEBTOR and any insurance company.

7. Any and all agency contracts, brokerage contracts or other agreements between the INSURANCE COMPANY and any insurance company.

8. Copies of bank statements and copies of cancelled checks for any and all accounts (deposit, savings, or brokerage) in the name of the DEBTOR for January 1, 2008 to date.

9. Copies of bank statements and copies of cancelled checks for any and all accounts (deposit, savings, or brokerage) in the name of the INSURANCE AGENCY for January 1, 2008 to date.

10. Any and all DOCUMENTS which relate to, refer to or evidence the commission agreement between the INSURANCE AGENCY and Farmers Insurance.

11. Any and all DOCUMENTS which relate to, refer to or evidence the commissions earned by and/or owed to the DEBTOR of the INSURANCE AGENCY on the PETITION DATE.

12. An inventory of any equipment or assets owned by the INSURANCE AGENCY as of the PETITION DATE.

13. Any and all DOCUMENTS which relate to, refer to or evidence any commissions (earned and paid) by the DEBTOR or the INSURANCE AGENCY for January 1, 2007 through the PETITION DATE.

14. An inventory of any equipment or assets owned by the INSURANCE AGENCY as of the PETITION DATE.

15. Any and all DOCUMENTS which relate to, refer to or evidence the deposit of $10,500 to the SI Share A/C – Membership Savings account (Member Account No. 89902) held at Farmers Insurance Group Federal Credit Union on July 21, 2009.

16. Any and all DOCUMENTS which relate to, refer to or evidence the withdrawal of $9,000 from the SI Share A/C – Membership Savings account (Member Account No. 89902) held at Farmers Insurance Group Federal Credit Union on July 21, 2009.

17. Copies of any Form W-2 issued to the DEBTOR or the INSURANCE AGENCY for the years 2007 and 2008.

18. Any and all DOCUMENTS which relate to, refer to or evidence any source of income for the DEBTOR in 2008.