A. LYSA SIMON
State Bar Number 94884
LAW OFFICES OF A. LYSA SIMON
17134 Devonshire Street
Suite 202
Northridge, CA 91325
(818)366-3346

Attorneys for Creditor,
FARMERS INSURANCE GROUP FEDERAL CREDIT UNION

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

In re

MARK STEPHEN LOEFFLER
SSN/ID: xxx-xx-0350

Debtor.

CASE NO. 09-55630

R.S. No.: ALS-001

CHAPTER 7

MOTION FOR RELIEF FROM THE
AUTOMATIC STAY

Date: April 30, 2013
Time: 10:00 a.m
Place: Courtroom 3099
U.S. Bankruptcy Court
280 S. First Street
San Jose, CA 95113

TO ALL INTERESTED PARTIES:

COMES NOW, Moving Party, Farmers Insurance Group Federal Credit Union (hereafter referred to as the "Credit Union"), a secured creditor of the Debtor, MARK STEPHEN LOEFFLER (hereafter referred to as the "Debtor"), who is the subject of this Motion for Relief/Motion for Turnover and moves for the following:

1. An Order for Relief from the Automatic Stay pursuant to 11 U.S.C. Section 362 to proceed in the manner permitted by California Law, with the termination and liquidation of its asset, naming the Debtor's Appointment Agreement with FARMERS INSURANCE EXCHANGE, a reciprocal or interinsurance exchange; TRUCK INSURANCE EXCHANGE, a reciprocal or interinsurance exchange; FIRE INSURANCE

EXCHANGE, a reciprocal or interinsurance exchange; MID-CENTURY INSURANCE COMPANY, a California stock corporation; and FARMERS NEW WORLD LIFE INSURANCE COMPANY, a Washington stock company. Said companies frequently use the trademark name "FARMERS INSURANCE GROUP OF COMPANIES," which shall hereafter be referred to as the "Farmers Insurance Group of Companies").

2. An Order declaring that Farmers Insurance Group of Companies, do not need to obtain a separate order for relief from the automatic stay to comply with the Credit Union's demand, which will be made under the California Uniform Commercial Code as the lienholder, that its asset, namely Debtor's Farmers Insurance Group of Companies Appointment Agreement pay off the Credit Union's loan from its liquidated assets.

3. A waiver of Bankruptcy Rule 4001(a)(3).

4. The Credit Union is a secured lienholder on a prepetition obligation secured by the contract value of the Debtor's Appointment Agreement with Farmers Insurance Group of Companies.

5. The Chapter 7 Trustee, Mohamed Poonja, is named in his capacity as Trustee only.

6. The Credit Union is also a secured lienholder on a postpetition obligation secured by the same contract value of the Debtor's Appointment Agreement with Farmers Insurance Group of Companies.

This Motion is based upon the following grounds:

1. The Credit Union lacks adequate protection of its collateral for the obligation. The Chapter 7 Trustee, previously accepted part of the Credit Union's collateral and released the sum of $10,000.00 of it to the Debtor. The Trustee, has failed and refused to use the rest of the asset remitted to it by the stakeholder, Farmers Insurance Group of Companies, to pay the Credit Union the amounts due owing and unpaid on its prepetition secured loan, notwithstading the fact that the Credit Union timely filed a proof of claim on its secured loan.

///

2. The Debtors' appointment agreement has terminated. As such, the Credit Union is no longer receiving any payments on its secured loan and the same is in default.

3. The Stakeholder, Farmers Insurance Group of Companies has informed the Credit Union that it has terminated the Debtor's Appointment Agreement.

4. The stakeholder, Farmers Insurance Group of Companies, is still in possession of post petition assets and prepetition assets against which the Credit Union lien has attached. However, both the Credit Union and the stakeholder, Farmers Insurance Group of Companies, are justifiably concerned because of the automatic stay, and the Chapter 7 Trustee's demand for turnover of said funds. As a result, both the Credit Union and the stakeholder, Farmers Insurance Group of Companies, need a comfort order so that the stakeholder may pay the Credit Union the available amounts needed to satisfy the Credit Union's lien.

    A. The Credit Union seeks from the non-exempt prepetition asset, payment on its prepetition secured loan.

    B. The Credit Union seeks from the exempt prepetition asset, and the postpeititon asset payment on its postpeititon secured loan.

5. The Credit Union is entitled to relief from the Automatic Stay.

This Motion is based upon the Declarations of Ramil Aguilar and A. Lysa Simon, and the Points and Authorities in support thereof, and upon such further argument and/or evidence as may be presented at the time of the Hearing.

Dated: March 18, 2013

/s/ A. Lysa Simon
A. LYSA SIMON (CA SBN 94884)
Law Office of A. Lysa Simon
17134 Devonshire Street, Suite 202
Northridge, CA 91325
Phone (818) 366-3346
Attorney for Moving Party,
Farmers Insurance Group Federal
Credit Union