Jennifer C. Hayes, State Bar No. 197252
McKENNA LONG & ALDRIDGE LLP
Rincon Center II,
121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone: 415.356.4600
Facsimile: 415.356.3886
jhayes@mckennalong.com

Attorneys for Mohamed Poonja,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>MARK STEPHEN LOEFFLER,<br><br>Debtor. | Case No. 09-55630 SLJ<br>Chapter 7<br>Hon. Stephen L. Johnson<br><br>**TRUSTEE'S RESPONSE TO MOTION FOR RELIEF FROM STAY (DOCKET NO. 76)**<br><br>Date: April 30, 2013<br>Time: 10:00 a.m.<br>Place: 280 South First Street<br>Courtroom 3099<br>San Jose, CA 95113 |

Mohamed Poonja, Chapter 7 trustee of the above-captioned Debtor, submits this response to the Motion for Relief From Stay filed as Docket No. 76 by Farmers Insurance Group Federal Credit Union ("Farmers Credit Union") as follows:

I. **FACTS**

The Debtor filed a voluntary chapter 7 petition on July 13, 2009. Debtor's Schedule D disclosed one secured claim on Schedule D: a claim in the amount of $16,309 owing to Farmers Insurance Group Credit Union secured by a 2005 Honda Accord. On information and belief, at the time of the petition through October 19, 2012, the Debtor was an agent for Farmers Insurance Group ("Farmers Insurance"). On or about October 19, 2012, the Debtor terminated his agency relationship with Farmers Insurance.

1

The estate's sole asset is the Debtor's book of business with Farmers Insurance, which consists of prepetition renewal commissions (the "Commissions") earned by the Debtor prepetition and the contract value of the Debtor's agent agreement with Farmers Insurance (the "Contract Value") (together, the Commissions and the Contract Value are referred to as the "Book of Business"). The Trustee has collected $97,914.41 on account of the Debtor's Book of Business, and currently has $62,838.23 in cash in his account for the Loeffler estate. (Poonja Dec. ¶ 2). By mid-April, 2013, the Trustee expects to receive the final payment owing on the Book of Business, which is an additional $37,690. (Poonja Dec. ¶ 3).

On July 27, 2009, Farmers Credit Union filed a secured claim in the amount of $28,879.57, for money loaned (the "Prepetition Claim"). (Claim No. 1-1). The claim lists the value of the property securing the loan as $59,106, and describes the property securing the claim as "agency appointment accounts receivable". (*Id.*) Attached to the Prepetition Claim is a UCC-1 financing statement filed with the California Secretary of State on February 11, 2005. (*Id.*) The financing statement describes the collateral securing the loan as "[a]ll present and future Appointment Agreement Receivables; contract value and all other rights and interest to payment of money now owned or hereafter acquired." (*Id.*) Also attached to the Claim is a security agreement signed by the Debtor and dated July 22, 2008 (the "First Secured Loan"). (*Id.*)

On October 7, 2009, Farmers Credit Union filed a continuation financing statement, but on information did not provide that continuation financing statement to the Trustee until 2013. (Aguilar Dec. ¶ 28, Ex. 7)

On October 26, 2009, the Debtor filed an amended Schedule C, which claims an exemption of $10,227 in "Farmers Insurance Book of Business" and a post-petition bonus totaling $10,500. (Docket No. 21). The post-petition bonus in which the Debtor claimed an exemption was never turned over to the Trustee. (Poonja Dec. ¶5).

On August 11, 2010, the Trustee paid the Debtor $10,227 on account of his exemption claim. (Poonja Dec. ¶5). At the time the Trustee paid the Debtor on account of his exemption claim, it appeared that the funds on hand were unencumbered.

On information and belief, on or about January 3, 2011, the Debtor entered into a second

2

secured loan with Farmers (the "Second Secured Loan"). (Aguilar Dec. ¶47, Ex. 10).

In a letter dated January 30, 2013, counsel for Farmers Credit Union mailed a letter to counsel for the Trustee, McKenna, Long & Aldridge LLP ("MLA"). (Simon Dec. ¶15, Ex. 11). The letter was not addressed to any particular attorney at MLA. (*Id.*) The attorney primarily responsible for this file, Diana Herman, was on maternity leave at the time of the January 30, 2013 letter. (Hayes Dec. ¶2). The January 30th letter states that the Farmers Insurance remitted $16,000 of the Contract Value to Farmers Credit Union. (Simon Dec. ¶15, Ex. 11).

Counsel for Farmers Credit Union sent a second letter to MLA dated March 5, 2013, which was routed to Jennifer Hayes on or about March 7, 2013. (Hayes Dec. ¶3). Promptly upon receipt of the letter of Farmers Credit Union, counsel for the Trustee contacted counsel for Farmers Credit Union. (Hayes Dec. ¶3). After several discussions between counsel, the Trustee offered to pay the amount of the Prepetition Claim (as informally amended), pursuant to a noticed motion and entry of a court order. (Hayes Dec. ¶3).

On March 26, 2013, following the Trustee's proposed mechanism for payment of the Prepetition Claim, Farmers Credit Union filed two relief from stay cover sheets (Doc. #s 77, 77-1). Docket No. 77 is the cover sheet for the Debtor's motion for a comfort order stating that the automatic stay does not apply to: (a) the postpetition renewal commission totaling $1,343; and (b) the remaining amount of the Debtor's exemption, if any. Docket No. 77-1 is a cover sheet for the Debtor's motion for relief from stay to foreclose on the Contract Value, based on the Prepetition Claim, which Farmers Credit Union asserts is now $20,355.27 (and not 28,879.57 as filed). The motion for relief from stay (Docket No. 76) seeks entry of an order: (1) terminating the automatic stay to permit Farmers Credit Union to liquidate the Book of Business in accordance with California law; (2) terminating the automatic stay to permit Farmers Credit Union to proceed with a state-court action to obtain possession of the contract value of the Book of Business; (3) entitling Farmers Credit Union to its attorney fees and interest; and (4) waiving Rule 4001(a)(3). The Motion does not limit the requested relief to foreclosure on the Book of Business to satisfy the Prepetition Claim, and could be read to seek authority to foreclose on the Book of Business to satisfy the Second Secured Loan.

## II. ANALYSIS

### A. The Motion for Relief from Stay Re the Prepetition Loan Should be Denied

The Trustee requests that the Court deny Farmers Credit Union's motion for relief from stay, because Farmers Credit Union has failed to establish that it lacks adequate protection. The Trustee has on hand $62,838.23 in proceeds from the Book of Business. Accordingly, even if the Trustee does not collect any of the additional $37,690 that the Trustee expects to receive on account of the Book of Business, the Trustee holds sufficient proceeds to pay the Prepetition Claim in the current amount claimed of $20,355.27. The motion for relief from stay should therefore be denied for failure to establish lack of adequate protection or other cause. *E.g., Pistole v. Mellor (In re Mellor)*, 734 F.2d 1396 (9th Cir. 1984) (denying relief from stay to senior lienholder, because 20% equity cushion constituted adequate protection).

The Trustee is willing to pay the Prepetition Claim in the requested amount of $20,355.27 pursuant to entry of a Court order authorizing the Trustee to pay the Prepetition Claim. If the Court enters an order authorizing the Trustee to pay the Prepetition Claim in the requested amount of $20,355.27, the motion for relief from stay should be denied on the additional ground that the motion is moot upon the Trustee's payment of the Prepetition Claim pursuant to the order.

### B. The Motion for a Comfort Order re the Postpetition Loan Should be Granted in Part, and Denied in Part

The postpetition loan by Farmers Credit Union to the Debtor, *i.e.* the Second Secured Loan, does not attach to any property of the estate. 11 U.S.C. §§ 362(a), 541(a). Farmers Credit Union appears to concede this point, in that the Motion seeks a comfort order allowing Famers Insurance to foreclose upon the postpetition commissions. The Trustee understands that the postpetition commissions total $1,343, and the Trustee does not oppose a comfort order authorizing Farmers Insurance to pay directly to Farmers Credit Union the postpetition commissions totaling $1,343.

The Trustee opposes Farmers Credit Union's request for a comfort order regarding payment of any remaining exemption directly to Farmers Credit Union, because there is no remaining exemption payable to the Debtor: the Trustee has already paid the Debtor on account of

4

the $10,227 cash exemption, and the Debtor is not entitled to any remaining cash disbursements from the estate on account of the exemptions claimed by the Debtor. The Trustee also opposes any relief authorizing Farmers Credit Union to apply the Book of Business, which is an asset of the estate, to satisfy the Second Secured Claim, because the Second Secured Claim is based on a postpetition loan that does not attach to any estate assets.

### III. CONCLUSION

For the reasons set forth herein, the Trustee respectfully requests that the Court enter an order: (1) denying the motion for relief from stay with respect to the Prepetition Claim; (2) authorizing the Trustee to pay the Prepetition Claim in the requested amount of $20,355.27; and (3) denying the request for entry of a comfort order with respect to the Second Secured Claim, except that the Trustee does not oppose entry of a comfort order authorizing Farmers Insurance to pay directly to Farmers Credit Union the postpetition commissions totaling $1,343.

DATED: April 9, 2013

Respectfully submitted,

McKENNA LONG & ALDRIDGE LLP

By: /s/ Jennifer C. Hayes
Jennifer C. Hayes
Attorneys for Mohamed Poonja,
Trustee in Bankruptcy

US_WEST 803710726.1

5